FILED

2003 JAN 10 P 3:18

BY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HECTOR YAMAMOTO, by and through his Guardian ad Litem, HUGO YAMAMOTO,

Plaintiffs,

vs.

UNITED STATES OF AMERICA, TENET HEALTH CARE CORPORATION,

Defendants.

CV-F-00-5588-OWW-SMS

**ORDER SETTING VOLUNTARY SETTLEMENT CONFERENCE:**
Date: 2/27/03
Time: 1:30pm
Ctrm: Four/**SMS**

**-and-**

**ORDER VACATING MANDATORY SCHEDULING CONFERENCE:**
Date: 2/7/03
Time: 8:45am
Ctrm: Two/**OWW**

This Court is in receipt of Kenneth D. Gack's Confidential Report, dated October 23, 2002, deriving from the Voluntary Dispute Resolution Program's (VDRP) Mediation Discussions.

Counsel have stipulated to a Voluntary Settlement Conference, agreeing that it precede the Mandatory Scheduling Conference, currently set for February 7, 2003 at 8:45 a.m. in Courtroom No. 2 before the Honorable Oliver W. Wanger, United States District Judge, pursuant to court order issued December 3, 2002 (Doc. 111). Said Scheduling Conference is **HEREBY VACATED** pending further order of the court.

112

Therefore, a Voluntary Settlement Conference has been specially arranged for February 27, 2003 at 1:30 p.m. in Courtroom No. 4 before the Honorable Sandra M. Snyder, United States Magistrate Judge.

Unless otherwise permitted in advance by this Court, **the attorneys who will try the case shall personally appear** at the Settlement Conference **with the parties** and the person or persons having **full authority** to negotiate and settle the case **on any terms**[1] at the conference. In this particular case, **Guardian ad Litem, Hugo Yamamoto, is ORDERED to attend the Settlement Conference with a close personal friend and/or another or other family members**.

Permission for a party *[not attorney]* to attend by telephone may be granted by this Court, by letter, with a copy to the other parties, if the party lives and works outside the Eastern District of California, and attendance in person would constitute a hardship. If telephone attendance is allowed, **the party must be** *immediately* **available throughout the conference, until excused, regardless of time zone differences**. Any other special arrangements desired in cases where settlement authority rests with a governing body shall also be proposed, in advance, by letter, and copied to all other parties.

---

[1] Insurance carriers, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors, or the like, shall be represented by a person or persons who occupy high executive positions in the party organization, and who will be directly involved in the process of approval of any settlement offers or agreements. To the extent possible, the representative shall have the authority, if he or she deems it appropriate, to settle the action on terms consistent with the opposing party's most recent demand.

# CONFIDENTIAL SETTLEMENT CONFERENCE STATEMENT

NOTICE IS HEREBY GIVEN that a Confidential Settlement Conference Statement is **MANDATORY** and must be submitted directly to Magistrate Judge Snyder's chambers on the Third Floor **at least five (5) court days prior to the Settlement Conference**. Failure to so comply may result in the imposition of monetary and/or other sanctions.

The Statement **should not be filed nor lodged** with the Clerk's Office, **nor served on any other party**. Each Statement shall be clearly marked "Confidential" with the date and time of the Settlement Conference indicated prominently thereon. Counsel are urged to request the return of their Statements if settlement is not achieved and, if such a request is not made, the Court will dispose of the Statement.

The Confidential Settlement Conference Statement must include the following:

A. A brief statement of the facts of the case.

B. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and, a description of the major issues in dispute.

C. A summary of the proceedings to date.

D. An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

E. The relief sought.

//

/

F. The party's position on settlement, including present demands and offers, and a history of past settlement discussions, offers, and demands.

**FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN THE IMPOSITION OF SANCTIONS.**

IT IS SO ORDERED.

DATED: January 10, 2003

SANDRA M. SNYDER,
UNITED STATES MAGISTRATE JUDGE

cs

United States District Court
for the
Eastern District of California
January 13, 2003

* * CERTIFICATE OF SERVICE * *

1:00-cv-05588

Yamamoto

v.

USA

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on January 13, 2003, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

Donald J Sullivan OWW SMS
44 Montgomery Street
Suite 1050
San Francisco, CA 94104

Linda Anderson
United States Attorney's Office
1130 O Street
Room 3654
Fresno, CA 93721

B John Briegleb
Dummit Faber Briegleb and Diamond
1661 Garden Highway
Suite 100
Sacramento, CA 95833-9706

Rachelle C Sanchez
Riggio Mordaunt and Kelly
2509 West March Lane
Suite 200
Stockton, CA 95207

Michael R Mordaunt
Riggio Mordaunt and Kelly
2509 West March Lane